IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| CARL ROSE | : | NO. 09-84 |

MEMORANDUM

McLaughlin, J.                                              October 4, 2010

      The defendant was indicted for possession with intent to distribute cocaine base, carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm after having been convicted of a crime punishable by imprisonment for more than one year.  The defendant has moved to suppress the evidence that was seized from an automobile in which he was a passenger.  The Court held an evidentiary hearing on October 1, 2010, and will deny the defendant's Motion to Suppress Physical Evidence.

I.  Findings of Fact

      Officers Forbes and Ricci were in the area of the Norman Blumberg Housing Development on May 21, 2008, at approximately 9:00 p.m.  They were in plain clothes and in an unmarked police car.  The officers observed a silver Dodge Durango parked in front of a black Jeep Cherokee.  The Jeep was

not running and did not have on its lights. The officers did not know whether the Jeep was occupied.

The officers were familiar with the silver Dodge Durango because they had been involved in investigations of illegal drug activity by the owner of the vehicle and her boyfriend. As the officers watched, a male got out of the black Jeep's driver's side, approached the driver's side of the Durango, and had a brief conversation with the driver of the Durango. The male then returned to the Jeep and retrieved a small white object which he took back and handed to the driver of the Durango. Believing that they had witnessed an illegal narcotics transaction, the officers called for backup and two uniformed officers promptly arrived. The two uniformed officers detained the driver and passenger of the Durango as well as the driver of the Jeep who was still standing next to the Durango when the officers arrived.

Officers Forbes and Ricci then approached the Jeep. Officer Ricci approached on the driver's side and Officer Forbes on the passenger side. Officer Ricci reached the driver's side before Officer Forbes reached the passenger's side. Officer Ricci looked in through the open window of the Jeep and saw a gun in the defendant's hand. The defendant was sitting in the passenger side of the Jeep. Officer Ricci saw the defendant put down the gun on the floor of the Jeep. He signaled to Officer

Forbes that the defendant had a gun. Officer Forbes opened the door and removed the defendant from the vehicle. Two or three inches from the gun was a clear sandwich bag containing a number of black tinted packets of what the officers believed to be crack cocaine. The police seized the crack cocaine and the gun.

The defendant has conceded that he neither owns nor has any kind of a property interest in the automobile.

II. <u>Analysis</u>

The defendant does not have standing to challenge the search of the vehicle. <u>Rakas v. Illinois</u>, 439 U.S. 128, 148 (1978). The United States Court of Appeals for the Third Circuit has interpreted <u>Rakas</u> for the proposition that: "[i]t is clear that a passenger in a car that he neither owns nor leases typically has no standing to challenge a search of the car." <u>United States v. Baker</u>, 221 F.3d 438, 441-42 (3d Cir. 2000). In this case, Mr. Rose was a passenger in the car and he has conceded that he had no property interest in that car.

The defendant relies on the case of <u>Brendlin v. California</u>, 551 U.S. 249 (2007) to argue that he does have standing. In <u>Brendlin</u>, the Supreme Court held that a passenger in a car may challenge the constitutionality of a traffic stop. <u>Brendlin</u> does not affect the analysis set forth in <u>Rakas</u> or <u>Baker</u>

regarding car searches.  There was no car stop in this case so
Brendlin does not apply.

Even if the defendant had standing, there was no Fourth Amendment violation here.  The officers had a reasonable suspicion to think that a drug transaction had gone down when they observed the exchange of a small white object between the driver of the Jeep and the driver of the Durango.  The officers approached the Jeep and Officer Ricci saw the defendant with a gun in his hand.  At that point, there was probable cause for an arrest.  The officers were acting properly when Officer Forbes took the defendant out of the car after Officer Ricci saw the gun.

An appropriate order follows separately.